IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FERDINAND AGUIRRE, | : | 1:10-cv-306 |
| | : | |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| RAYMOND LAWLER, | : | |
| Superintendent of SCI-Huntingdon, | : | |
| *et al.*, | : | |
| | : | |
| Respondents. | : | |

## **MEMORANDUM**

### **December 3, 2010**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 18), filed on November 9, 2010, which recommends Ferdinand Aguirre's ("Petitioner" or "Aguirre") petition for habeas corpus pursuant to 28 U.S.C. § 2254 be denied and this case be closed. Petitioner filed objections to the R&R on November 23, 2010. (Doc. 19). Accordingly, this matter is ripe for disposition. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R and close this case.

**I.     BACKGROUND**

Petitioner, a prisoner at the State Correctional Institution, Huntingdon, filed this 28 U.S.C § 2254 petition on February 11, 2010 challenging his conviction of third-degree murder and related firearms offenses in the Court of Common Pleas of Philadelphia. Petitioner claims that he is actually innocent of the crimes for which he was convicted and that he received ineffective assistance of counsel at trial and on appeal. The Commonwealth of Pennsylvania, in opposition, argues that the Petitioner has procedurally defaulted on his claims and that they are otherwise without merit.

Magistrate Judge Carlson recommends that the petition be denied because (1) a number of the claims that Aguirre seeks to advance in his federal petition were never fairly presented to the state courts[1] and (2) those claims that were presented in state court and adjudicated do not provide a basis for habeas relief in this case.

---

[1] State prisoners seeking relief under Section 2254 must have "exhausted the remedies available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b). In instances where a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typically will refuse to entertain a petition for habeas corpus. *See Whitney v. Horn*, 280 F. 3d 240, 250 (3d Cir. 2002).

## II. STANDARDS OF REVIEW

### A. Review of a Magistrate Judge's Report

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

### B. Review of a 28 U.S.C. § 2254 Petition

Federal courts "may entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). By limiting habeas relief to state conduct which violates "the Constitution or laws or treaties of the United States," § 2254 places a high threshold on the courts. Typically, habeas relief will only be granted

to state prisoners in those instances where the conduct of state proceedings led to a "fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure. *See, e.g.*, *Reed v. Farley*, 512 U.S. 339, 354 (1994).

In reviewing the claims set forth in a Section 2254 petition, federal courts afford great deference to the rulings of the state court judge. Habeas relief is not available to a petitioner for any claim that has been adjudicated on its merits in the state courts unless it can be shown that the decision was either: (1) "contrary to" or involved an unreasonable application of a clearly established case law; *see* 28 U.S.C. § 2254(d)(1); or (2) was "based upon an unreasonable determination of the facts." *see* 28 U.S.C. § 2254(d)(2).[2] Applying this deferential standard of review, federal courts frequently decline invitations by habeas petitioners to substitute their legal judgments for the considered views of the state trial and appellate courts. *See Rice v. Collins*, 546 U.S. 333, 338-39 (2006); *see also Warren v. Kyler*, 422 F.3d 132, 139-40 (3d Cir. 2006); *Gattis v. Snyder*, 278 F. 3d 222, 228 (3d Cir. 2002).

Further, state prisoners seeking Section 2254 relief must also satisfy specific and precise procedural standards. As noted above, a petitioner must show that he

---

[2] Additionally, § 2254(e) provides that the determination of a factual issue by a state court is presumed to be correct unless the petitioner can show by clear and convincing evidence that this factual finding was erroneous. *See* 28 U.S.C § 2254(e)(1).

has exhausted his state court remedies, or a federal court will refuse to entertain his petition. A petitioner bears the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, and the claims brought in federal court must be the "substantial equivalent" of those presented to the state courts. *Evans v. Court of Common Pleas*, 959 F. 2d 1227, 1231 (3d Cir. 1992); *Santana v. Fenton*, 685 F.2d 71, 73-74 (3d Cir. 1982).[3]

A necessary corollary to the exhaustion requirement is the procedural default doctrine. Certain habeas claims, while not exhausted in state court, may also be incapable of exhaustion in the state legal system by the time a petitioner files a federal habeas petition because the state procedural rules bar further review of the claim. In such instances:

> In order for a claim to be exhausted, it must be "fairly presented" to the state courts "by invoking one complete round of the States's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). If a claim has not been fairly presented to the state courts and it is still possible for the claim to be raised in the state courts, the claim is unexhausted . . .
>
> If a claim has not been fairly presented to the state courts but state law clearly forecloses review, exhaustion is excused, but the doctrine of

---

[3] Courts do not, however, apply this requirement in a talismanic fashion, but find that the requirement is met when a petitioner submits the gist of his federal complaint to the state courts for consideration. *Evans*, 959 F. 2d at 1230-33. Also, a petitioner meets his obligations by fairly presenting a claim to the state court, even if the state court declines to specifically address that claim. *See Dye v. Hofbauer*, 546 U.S. 1 (2005)(per curiam); *Johnson v. Pinchak*, 392 F. 3d 551, 556 (3d Cir. 2004).

5

> procedural default may come in to play. A procedural default occurs when a prisoner's federal claim is barred from consideration in the state courts by an "independent and adequate" state procedural rule. Federal courts may not consider the merits of a procedurally defaulted claim unless the applicant establishes "cause" to excuse the default and actual "prejudice" as a result of the alleged violation of the federal law or unless the applicant demonstrates that failure to consider the claim will result in a fundamental "miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

*Carpenter v. Vaughn*, 296 F. 3d 138, 146 (3d Cir. 2002)(citations omitted).

To establish "cause" for the procedural default, the petitioner must show that some "objective factor external to the defense impeded counsel's efforts to comply with the State procedural rule." *Werts v. Vaughn*, 228 F. 3d 178, 192-93 (3d Cir. 2000)(citations omitted). To establish "actual prejudice," the petitioner must prove "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 193. Similarly, the "miscarriage of justice" exception to this rule is also narrowly tailored, and requires a credible assertion of actual innocence to justify a petitioner's failure to comply with state procedural rules. *Hubbard v. Pinchak*, 378 F. 3d 333, 338 (3d Cir. 2004).

With the foregoing standards in mind, we turn to a review of the R&R, in view of the Petitioner's objections thereto.

## III. DISCUSSION

As noted by Magistrate Judge Carlson, Aguirre set forth in his initial PCRA application seeking to collaterally attack his conviction. They are as follows:

1. After discovered evidence, specifically, an affidavit from an eyewitness, Jose Perez, who would, if called to testify state that he was present at the time of the offense, that he saw Petitioner on the scene, that he saw another man commit the murder, that while Petitioner was present, he did not participate in the offense and was, in fact, a mere bystander.

2. Actual innocence of the crimes for which he has been convicted.

3. Ineffective assistance of counsel at trial and on appeal. Trial counsel was ineffective for failing to conduct a proper investigation, for failing to file and litigate a Motion to Suppress the out of court identification of Officer Smith and for failing to ask for a proper instruction on identification. As appellate counsel, Mr. McMahon was ineffective for failing to properly raise and preserve the claim that the verdict was against the weight of the evidence.

(Doc. 17, Ex. C).

In his initial petition for habeas relief in this Court, Aguirre reduced his claim to one based upon the asserted ineffectiveness of trial counsel, arguing that: (1) counsel waived unspecified "key issues" and failed to preserve these "key issues" on appeal; (2) counsel "failed to interview actual eyewitnesses who had very favorable evidence for me that I was not the shooter"; (3) trial counsel failed to argue misidentification or to challenge the eyewitness testimony; and (4) counsel failed to file documents necessary to preserve Aguirre's claims on appeal. Aguirre subsequently filed a memorandum in support of his petition that appears to expand

upon his claimed bases for relief to include an assertion that he is actually innocent of the murder and related charges, and that he should be entitled to habeas relief on this ground as well as the asserted ineffectiveness of his trial counsel.

In the R&R, Magistrate Judge Carlson reviews all of the grounds presented by the Petitioner, and recommends denial of the petition on all of the claims. Aguirre's objections to the R&R are twofold. First, he maintains his argument, as he made previously in support of his petition, that trial counsel was ineffective for failing to interview the eyewitnesses. Second, petitioner argues that he is actually innocent of the crime of conviction.

We have thoroughly reviewed the Magistrate Judge's R&R and the record in this case, and we agree entirely with the reasoning and logic Magistrate Judge Carlson applied to the instant habeas petition. We, like the learned Magistrate Judge, do not find that Aguirre's trial counsel was ineffective for failing to interview certain of the eyewitnesses at the scene of the shooting. To be sure, aside from alleged eyewitness Jose Perez, Aguirre himself asserts that the remaining eyewitnesses only "might be helpful," or "might possibly be of some help with the I.D. of the shooter." (Doc. 10, p. 2). As Magistrate Judge Carlson correctly concludes, under the exacting standards for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), the failure of trial counsel

8

to interview an alleged eyewitness whose testimony "might" have been helpful to the defense simply does not rise to the level of ineffective assistance.

We also find that Magistrate Judge Carlson correctly concluded that Aguirre's claim of ineffective assistance due to counsel's failure to interview and present Jose Perez at trial is meritless. First, we agree with Magistrate Judge Carlson that the claim has been procedurally defaulted because, as argued by the Commonwealth, Aguirre did not clearly make a claim before the state courts that his trial counsel was ineffective due to his failure to identify and call Jose Perez, or any other individual, as a witness at trial. Second, even viewing the claim on the merits, Magistrate Judge Carlson aptly notes that Aguirre has failed to articulate that his counsel had any basis for discovery Perez before trial. Indeed, Perez himself makes clear in his affidavit that he feared the consequences of coming forward at the time of Aguirre's trial because he was in violation of his own parole conditions by being in Philadelphia on January 3, 2004, when the murder took place. To consider counsel's performance deficient for his failure to identify an individual who did not want to be identified as a witness would be to stretch *Strickland* in an impermissible way.

We also note that, throughout his objections, Petitioner references an "alibi defense," alleging that had the "alibi defense" been established, he would have been

acquitted of the murder. As far as the Court can tell, through our careful review of the submissions in this case, this is the first time Aguirre has ever claimed he has an alibi.[4] Moreover, Aguirre's claim of an alibi stands in direct conflict to his reliance on the affidavit of Jose Perez, who has stated that Aguirre was present when the victim was shot, but that the victim was not the shooter. Aguirre simply cannot have it both ways. He cannot argue that Perez's testimony would have placed him at the scene of the crime but would have proven another individual was the shooter and simultaneously argue that an alibi defense, if it had been proven at trial, would have established his actual innocence. In fact, by now asserting that he has an alibi for the murder (although he does not, in his submission, say what his alibi is), Aguirre shows himself not to be credible before the Court. Quite frankly, Aguirre appears to be dissembling in view of the Magistrate's cogent and thorough R&R that, in a detailed and articulate fashion, states precisely why Aguirre's petition is without merit.

## IV. CONCLUSION

---

[4] In the traditional sense, and in the Court's view, 'having an alibi' generally means that the accused was not at the scene of the crime, but was elsewhere at the time the crime was committed, thus the accused could not have possibly perpetrated the crime of which he is accused.

Based on all of the foregoing reasons, we shall adopt the Magistrate Judge's R&R and deny the petition for writ of habeas corpus. An appropriate Order shall issue.